**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action NO. 06-cv-01537-WDM-CBS

THE ESTATE OF EVELYN HADLEY

Plaintiff,

vs.

VOLUNTEERS OF AMERICA CARE FACILITIES d/b/a VALLEY MANOR CARE CENTER, INC., and JOHN DOE #1 AN EMPLOYEE OF VOLUNTEERS OF AMERICA CARE FACILITIES d/b/a VALLEY MANOR CARE CENTER, INC.

Defendants.

_____

**PROTECTIVE ORDER**
_____

This Court, having considered the Stipulated Motion of the parties for the entry of a Protective Order, and being fully apprised of the matters relevant to such a request,

DOES HEREBY ORDER:

1. Documents which are produced or exchanged by any of the parties to this action, including but not limited to policies, procedures, protocols, financial reports, consultant reports, file audits, management reports, income statements, internal investigations, incident reports, any proprietary information, and any other

information which a party believes in good faith and in compliance with F.R.C.P. 26 to be confidential, may be designated as confidential (the "confidential information") and shall not be disclosed to persons outside of this lawsuit.

2. The confidential Information shall be used only for the purposes of the proceedings in this action and shall not be used in any other lawsuit, claim or cause of action, or in any other way, unless ordered by a court of competent jurisdiction, except that the parties may, without further agreement or court order, disclose the confidential information to the following persons solely in connection with this action under the following conditions:

(a) Attorneys and legal assistants of counsels' firms and to any other employees of counsels' firms who shall handle the confidential information under normal office procedures;

(b) Experts or consultants retained by the parties with respect to this action;

(c) Any person who is an officer or director of the corporate Defendant.

(d) Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether in deposition or trial).

    (e)    The Court before which this action is pending; and

    (f)    Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action, and transcripts of proceedings recorded in electronic form.

3. By production of confidential information, the party does not in any way waive its right to object to the admissibility of such information at trial.

4. All persons except those listed in 2 (c) and (f) above to whom the confidential information is disclosed shall be shown a copy of the Protective Order and shall acknowledge in writing, OR ORALLY UNDER OATH, that they agree to be bound by its terms.

5. At the conclusion of this litigation, all confidential information produced to another party along with all copies made of the confidential information still in existence at the time shall be returned to or available for pick-up by the counsel for the party who produced the confidential information.

6. Any party may object to the designation of particular information as "confidential" by giving the party so designating the information as "confidential" written notice.  The written notice shall identify the

information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days (excluding weekends or national holidays) after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the court determine whether the disputed information is confidential information entitled to be treated as and subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "confidential" under the terms of this Protective Order until the court rules on the motion.  If the party designating the information as "confidential" fails to file such a motion within the prescribed timed, the disputed information shall lose its designation as "confidential" and shall not thereafter be treated as "confidential" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "confidential."

7. This order has no presumptive effect as to the Court.

8. Any document filed under seal with the court shall include a cover sheet containing the case caption and the title of the pleading so filed.

DATED at Denver, Colorado, this 14th day of March, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge