IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01537-WDM-CBS

THE ESTATE OF EVELYN HADLEY,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA CARE FACILITIES d/b/a VALLEY MANOR CARE
CENTER INC., and
JOHN DOE #1 AN EMPLOYEE OF VOLUNTEERS OF AMERICA CARE FACILITIES
d/b/a VALLEY MANOR CARE CENTER INC.,

    Defendants.

---

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

---

Miller, J.

    This matter is before me on the Motion for Partial Summary Judgment as to

Recoverable Damages Under Plaintiff's Claims for Negligence and Damages (doc no

43) ("Damages Motion") and Motion for Summary Judgment as to Plaintiff's Breach of

Contract, Willful and Wanton Misconduct and Intentional Infliction of Emotional Distress

Claims (doc no 49) ("Claims Motion") filed by Defendant Volunteers of America Care

Facilities d/b/a Valley Manor Care Center, Inc. ("Valley Manor").  Plaintiff opposes the

motions.  Upon review of the parties' filings, I conclude oral argument is not required.

For the reasons that follow, the motions will be granted.

### Background

    This is an action for negligence and breach of contract arising out of nursing

care provided to Evelyn Hadley, now deceased, by Defendant.  Mrs. Hadley was

admitted to the Valley Manor facility on May 1, 2004 and stayed for ten days to recover

from a fractured hip. She was then transferred from Valley Manor to a hospital

because of, *inter alia*, dehydration and infection of a long-time preexisting wound. Mrs.

Hadley remained at the hospital for approximately 10 days and was then released to

another nursing facility. She passed away on October 6, 2004; the cause of death on

the death certificate is listed as congestive heart failure as a result of "Two Large Old

Myocardial Infarctions" and secondarily "Severe Coronary Atherosclerosis." Exhibit A-4

(doc no 44-5) to Brief in Support of Damages Motion.

The Estate of Evelyn Hadley (the "Estate") through Davine Bruno (daughter of

Evelyn Hadley) filed this action in state court and Defendant removed it to this court.

According to the Amended Complaint, which now governs this action, the Estate

asserts the following claims for relief: (1) negligence; (2) damages (apparently for

negligence); (3) breach of contract; (4) "willful and wanton misconduct"; and (5)

intentional infliction of emotional distress. The complaint alleges injuries and damages

to Mrs. Hadley only. In her deposition on behalf of the Estate, Ms. Bruno testified that

she asserted her claims on behalf of her deceased mother and not on her own behalf

or on behalf of her siblings.[1] Nonetheless, in its listing of damages, the Estate seeks to

recover Evelyn Hadley's medical costs, noneconomic damages for Evelyn Hadley's

"emotional and physical pain and suffering," "permanent physical and mental injury,"

---

[1]Mrs. Bruno's deposition testimony is as follows: "Q: And so we are clear, you are pursuing this claim on behalf of your mother and no one else; is that right? A: Exactly. Q: And it's only for injuries that may have happened to her? A: Yes." Exhibit A-1 (doc no 44-2) to Brief in Support of Damages Motion at 17:20-18:1.

future medical expenses, present and future income loss, and damages for "wrongful death."

According to intake notes, Mrs. Hadley completed her own paperwork when she was admitted to Valley Manor. No party has been able to find or produce a signed admission agreement or written contract between Mrs. Hadley and Valley Manor. Mrs. Bruno testified in her deposition that she was not aware of any contract between Mrs. Hadley (or authorized representative of Mrs. Hadley) and Valley Manor. The form agreement used by Valley Manor at the time stated that the facility "will provide basic nursing and personal care services" for the patient. In response to one of Defendant's interrogatories, which requested all facts supporting the alleged "specific representation and promises to Ms. Hadley and her family regarding the quality and quantity of nursing care which would be provided," the Estate stated as follows: "The reason we chose Valley Manor is because we heard that they had a much better rehabilitation facility to assist my mother with her walking ability than [another local facility]." Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, Exhibit A-4 (doc no 50-5) to Brief in Support of Claims Motion, Response to Interrogatory No. 11.

The conduct underlying the Estate's claim against Valley Manor includes the following:[2]

_____

[2]Because this is a motion for summary judgment, I rely on the evidence submitted in connection with the motion and not the conclusory allegations in the Amended Complaint. *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.") (citations omitted).

- Defendant did not provide sufficient staff to adequately attend to Mrs. Hadley's needs;

- Mrs. Hadley had a small ulcer (from previous cancer treatment) in her sacral region at the time of her admission, which during her stay became infected because of the use of a catheter and negligent failure to properly attend and cleanse the wound area;

- staff at Valley Manor did not respond quickly to calls for medication and assistance with Mrs. Hadley's restroom needs.

Defendant moves for partial summary judgment and a declaration that the current Amended Complaint does not assert a wrongful death claim on behalf of Mrs. Hadley's survivors.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid

4

summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

Discussion

1.  Recoverable Damages

Defendant argues that this is a survival action by the Estate and is therefore governed by the Colorado Survival of Actions statute, C.R.S. § 13-20-101. Because this statute limits damages recoverable for actions brought on behalf of a deceased person, Defendant seeks summary judgment on the question of recoverable damages for Plaintiff's tort claims. In addition, Defendant seeks a declaration that the Amended Complaint does not assert a claim for wrongful death (i.e., a derivative claim by the survivors of Mrs. Hadley for their own losses resulting from her death) pursuant to C.R.S. § 13-21-202. *Rowell v. Clifford*, 976 P.2d 363, 364 (Colo. App. 1998) (provision creating cause of action for wrongful death is separate and distinct from the action that the injured person would have had for personal injuries if he or she had survived).

I agree with Defendant that the Amended Complaint, and as supported by the admissions of Mrs. Bruno as its representative in her deposition, contain only claims accruing to Mrs. Hadley and is therefore governed by section 13-20-101. This section limits damages for tort actions to "loss of earnings and expenses sustained or incurred prior to death and shall not include damages for pain, suffering, or disfigurement, nor prospective profits or earnings after date of death." C.R.S. § 13-20-101(1). Accordingly, several of Plaintiff's alleged damages claims, including noneconomic damages claims and claims for future medical expenses and income losses, would be

barred to the extent they arise from alleged torts.

In addition, I agree with Defendant that the Amended Complaint, in its present form, does not assert a wrongful death claim on behalf of Mrs. Hadley's survivors. All claims and alleged damages are those accruing to Mrs. Hadley; the survivors are not parties to the action and there is no allegation that they incurred any injury or losses as a result of the alleged negligence of the Defendant. Accordingly, damages for "wrongful death" are not recoverable. The fact that Mrs. Bruno could be entitled under the wrongful death statute to assert a claim does not convert her status as a representative party to that of a party asserting claims in her individual capacity, particularly in light of her unambiguous deposition testimony denying any intent to assert any claim on her own behalf.

Defendant also argues that a wrongful death claim would be time-barred at this point. I do not reach this issue, however, as it is not necessary to resolve the questions before me at this time. Accordingly, I will grant summary judgment to Defendant on the issue of recoverable damages for the tort claims asserted in the Amended Complaint.

2.    Breach of Contract

In Plaintiff's Amended Complaint, the Estate alleges that Valley Manor represented by contract that it would adequately provide nursing, rehabilitative and medical care to Mrs. Hadley and sufficient staff members who were properly supervised, trained, and equipped to meet her needs. Amended Complaint ¶¶ 15-16. Defendant argues that Plaintiff cannot establish the existence of a contract and, specifically, cannot show that any contractual agreement exists to permit the recovery

6

of noneconomic loss or injury or for derivative noneconomic loss or injury.

It is undisputed that no party has a written agreement signed by Mrs. Hadley or by any authorized representative on her behalf governing the terms of her stay at Valley Manor.  The only evidence presented by Plaintiff concerning the existence of a contract are admission notes indicating that Mrs. Hadley signed her own paperwork and an affidavit from Mrs. Bruno stating that she recalled seeing an admission agreement among some documents in her mother's possession but now cannot find the documents.  I agree with Defendant that the evidence presented is insufficient, as a matter of law, to show the existence of a written contract or to establish with any specificity the terms contained therein.  In addition, even if Plaintiff could establish that Mrs. Hadley signed a standard admission agreement, it does not contain the kinds of representations upon which Plaintiff relies for the breach of contract claim and does not authorize any recovery for the noneconomic and derivative damages sought by Plaintiff.  *See* C.R.S. § 13-21-102.5(6)(a)(I) ("In any claim for breach of contract, damages for noneconomic loss or injury or for derivative noneconomic loss or injury are recoverable only if [t]he recovery for such damages is specifically authorized in the contract that is the subject of the claim") (internal punctuation omitted).

Similarly, Plaintiff cannot establish the existence of an implied or oral contract by way of representations by Defendant.  Plaintiff has stated that Mrs. Hadley selected Valley Manor based on information from the general community but provides no detail.  There is no information from which I can determine any offer made by Defendant and when or how it was accepted by Mrs. Hadley or her family.  Plaintiff has not identified

any specific promises or representations made by Defendant regarding the quality of nursing care or levels of staffing that are sufficiently specific to permit a reasonable jury to infer the existence or terms of a contract and whether those terms have been breached. *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001) ("An agreement cannot be enforced unless the terms are sufficiently definite to allow a court to determine whether the parties have complied with them."). Summary judgment should enter in Defendant's favor on this claim.

3.    Wilful and Wanton Misconduct

Defendant also seeks to dismiss Plaintiff's asserted fourth claim for "willful and wanton misconduct," which is not a separate tort, but rather the requisite level of misconduct required in order to recover exemplary damages. Defendant argues that Plaintiff is not entitled to recover exemplary damages. *See Estate of Burron v. Edwards*, 594 P.2d 1064, 1065 (Colo. App. 1979) (plaintiff in a survival action may not recover exemplary damages). In addition, Defendant contends Plaintiff cannot establish the existence of a contract provision permitting recovery of exemplary damages. Plaintiff concedes that no separate tort exists for willful and wanton misconduct but argues that if it is determined that a wrongful death claim is asserted, the survivors would be entitled to seek punitive damages. I agree with Defendant. As a matter of law, the claims pled, which do not include a claim for wrongful death, cannot support the recovery of punitive damages. Accordingly, the claim for "willful and wanton misconduct" should be dismissed.

4.    Intentional Infliction of Emotional Distress

8

Finally, Defendant argues that Plaintiff cannot recover on its claim of intentional infliction of emotional distress by outrageous conduct. The elements of this tort are: (1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) resulting in severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.,* 877 P.2d 877, 882 (Colo. 1994). Outrageous conduct is defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citations omitted). To establish the third element, a plaintiff must present evidence that the defendant "engaged in outrageous conduct with the specific intent of causing severe emotional distress" or "acted recklessly with the knowledge that there was a substantial probability that [the] conduct would cause severe emotional distress." *Id.* at 883.

I agree with Defendant that the evidence, even viewed in the light most favorable to the Plaintiff, does not show outrageous conduct recklessly or intentionally causing Plaintiff severe emotional distress. Plaintiff's allegations demonstrate at most negligence, not the level of outrageousness required to support this claim. In addition, Plaintiff has not produced evidence sufficient to create a triable issue as to Mrs. Hadley's severe emotional distress or of any mental state by employees of Valley Manor.

To establish an issue of fact in this regard, Plaintiff proffers an unsigned, undated affidavit by Bonnie Mauldin, a registered nurse, who states that the Defendant's employees "failed to assess, monitor and appropriately respond to Evelyn

Hadley's condition and to provide the necessary care and services for Evelyn Hadley to attain or maintain the highest practicable physical, mental, and psychological well-being, in accordance with the comprehensive assessment and plan of care." Exhibit C (doc no 55-4) to Memorandum in Opposition to Defendant, Valley Manor's Motion for Summary Judgment as to Plaintiff's Breach of Contract, Willful and Wanton Misconduct and Intentional Infliction of Emotional Distress Claims. The affidavit goes on to assert Ms. Mauldin's opinion that the deviations from the standards of care constitute reckless and wanton conduct and a reckless disregard for Mrs. Hadley's health and well being. *Id.* Even if this affidavit were proper evidence under Rule 56, it again establishes only negligence, not the elements required to establish outrageous conduct.[3] I conclude that even if all disputed issues of fact are resolved in Plaintiff's favor, no reasonable jury could find that the elements of intentional infliction of emotional distress are established here and, therefore, Defendant is entitled to judgment on this claim as a matter of law.

Accordingly, it is ordered:

1.      Defendant's motions for partial summary judgment (docs no 43 and 49) are granted.

2.      The Amended Complaint asserts claims under the Survival of Actions statute,

---

[3]Ms. Mauldin's legal conclusions are not considered, as they are not an appropriate subject for expert testimony. "Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). These standards apply to expert reports. *Simmons Foods, Inc. v. Capital City Bank*, 58 Fed. Appx. 450 (10th Cir. 2003).

C.R.S. § 13-20-101, and does not contain any claim for wrongful death pursuant

to C.R.S. § 13-21-202.  Accordingly, tort claim damages are limited to those

available under section 13-20-101.

3.    Partial summary judgment shall enter in favor of Defendant and against Plaintiff

on the Third, Fourth, and Fifth Claims for Relief.  Plaintiff's negligence claim

remains pending.

DATED at Denver, Colorado, on January 28, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge